# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHEASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:11-cr-37 |
| ) | |
| Patricia Robertson, ) | **ORDER** |
| ) | |
| Defendant. ) | |

The jury returned a verdict of guilty, specifying findings of embezzlement and misapplication of funds of an Indian Tribal Organization.

The Court took a rule 29 motion for judgment of acquittal under advisement at the conclusion of the presentation of evidence.

Patricia Robertson, a/k/a Patti Cavanaugh, was the director of the LIHEAP program (low income heating energy assistance) of the Spirit Lake Tribe, Fort Totten, North Dakota. In her capacity as director she had approval authority on applications for assistance. An approved applicant would notify the LIHEAP office of a need for propane fuel. The office would then notify the LP gas company, a delivery would be made, and a billing would be sent to the tribal offices for direct payment to the fuel supplier.

A properly completed application required that the "head of household" list the names and incomes of all individuals comprising the "household". Eligibility for assistance was based on the household's total income and the number of residents listed. The grant contained a grid showing the various income levels allowable for increased numbers of occupants of the household. Changes in both incomes and numbers of household members were required to be reported to the office to

document both continued eligibility and the amount of the assistance awarded.

The defendant approved applications for assistance made in the names of three of her daughters, for separate residences. In two of the approved applications over a 3 year period, the defendant actually resided in the residence approved for assistance, either the mobile home in Fort Totten or the house in St. Michael, although she was not listed as a resident and her salary income not shown. For a period, her then husband, also employed, was also a member of the household although not listed and income not included.

Substantial payments were made for propane from the grant moneys for fuel delivered to the residences involved. (In fact, payments were made in excess of the grant money approved, but the record is silent concerning the apparent accounting procedure lapse which allowed this to happen.)

Evidence was presented by the defense regarding the extended family of the defendant, to the point that at various times, if not always, the comings and goings of children, grandchildren, pregnant girlfriends, newborns, boyfriends, etc. the household's size may well have resulted in eligibility for assistance even if the defendant's name and income has been listed. Clarity was difficult to obtain. As stated by one of the defense witnesses "I didn't think it was important to try to remember where I lived all the time three years ago."

The defendant was the head of the administration of the program. She had the responsibility to see that the requirements for assistance were met and that the information supplied was accurate. She approved applications for assistance for her own residences, without adding her name and earnings. She accepted the benefits paid as a result of the incomplete if not fraudulent applications. Her actions are clearly knowing and voluntary, and therefore "willful".

The court finds the record to be sufficient to allow submission of the issue of guilt or innocence to the jury, and therefor denies the motion for judgment of acquittal.

**IT IS SO ORDERED.**

Dated this 21st day of October, 2011.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court